IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Trinity Jaquey Clyburn, <br><br>　　　　　　PETITIONER, <br><br>　v. <br><br>United States of America, <br><br>　　　　　　RESPONDENT. | Crim. No. 4:05-1299-TLW <br> C/A No. 4:14-cv-02286-TLW <br><br><br><br>**Order** |

  This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Trinity Jaquey Clyburn ("Petitioner"). For the reasons stated below, the Court dismisses the petition.

**I. Factual and Procedural History**

  Petitioner was a co-defendant named in a six count Indictment issued on December 13, 2005. ECF No. 2. Petitioner was charged in Counts 1 and 6 of the Indictment with drug offenses in violation of 21 U.S.C. § 846. On March 31, 2006, the United States of America ("Government") filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner that the Government was seeking enhanced penalties based upon Petitioner's prior conviction for trafficking crack cocaine thus subjecting Petitioner to a statutory mandatory minimum sentence of 20 years imprisonment. 21 U.S.C. § 841(b)(1)(A). ECF No. 44.

  On June 5, 2006, pursuant to a written plea agreement, Petitioner pled guilty to Count 1 of the Indictment, Conspiracy to Distribute and Possession with Intent to Distribute 50 or More Grams of Cocaine Base and 5 Kilograms of Cocaine in violation of 21 U.S.C. § 846, pursuant to a written plea agreement. ECF Nos. 50, 54. On May 31, 2007, the Court sentenced Petitioner as a career offender to 264 months imprisonment. ECF No. 85. The Presentence Investigation Report reflects that Petitioner was sentenced as a career offender under the United States Sentencing

1

Guidelines ("U.S.S.G.") because he had two qualifying predicate state court convictions—Trafficking in Crack Cocaine and Discharging a Firearm into an Occupied Dwelling. Petitioner filed a Notice of Appeal on June 8, 2007, and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on March 3, 2008. ECF Nos. 86, 103.

On June 11, 2014, Petitioner filed this petition under Section 2255[1]. Relying upon *Descamps v. United States*, ___U.S.___, 133 S. Ct. 2276 (2013), Petitioner sets forth a single ground for relief–that he was erroneously sentenced as a career offender due to the improper classification of his conviction for trafficking in crack cocaine as a qualifying career offender predicate offense. ECF No. 159. On July 22, 2014, the Government filed its response and moved to dismiss the petition as untimely. ECF No. 163. The Government asserted that *Descamps* has not been made retroactive on collateral review. ECF No. 163-1. On August 11, 2014, Petitioner filed a response disagreeing with the Government's position. ECF No. 164. On September 11, 2015, Petitioner filed an additional response asserting that his categorization as a career offender is precluded by *Johnson v. United States*, ___U.S.___, 135 S. Ct. 2251 (2015). ECF No. 176.[2] Petitioner contends that under *Johnson*, neither of his prior offenses qualify as predicates under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and he should not have been sentenced as a career offender. The matter is now ripe for decision.

## II.  28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under

---

[1] On May 22, 2014, Petitioner filed a "Memorandum in Support of Motion Pursuant to 28 U.S.C. § 2255." ECF No. 156. On May 27, 2014, the Court issued an Order for Petitioner to use the § 2255 forms required by Local Civil Rule VIII. 03, or substantially similar forms, and indicated that if Petitioner filed said forms within 30 days, the earlier filing date of the Memorandum in Support, May 22, 2014 would be considered the filing date of the Section 2255 motion. ECF No. 157. Petitioner filed the instant Section 2255 motion on the proper forms within the time prescribed by the Court, and, as such, May 22, 2014 is considered the filing date of the instant motion. ECF No.159.

[2] The Court notes that Petitioner did not seek leave to amend his petition to add a new claim.

2

sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In *Leano*, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano*, 334 F. Supp. 2d at 890 (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the court need not hold a hearing if "the motion and the files and record of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. This Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

III. **Standard of Review**

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less

3

stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV. Discussion

The Government argues that Petitioner's Section 2255 motion should be dismissed as untimely insomuch as it was filed more than one year after Petitioner's conviction became final. The Court agrees.

### A. Timeliness Under the Anti-Terrorism and Effective Death Penalty Act

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. According to the statute, the limitation period shall run to the last of:

(1)  The date on which the judgment of conviction becomes final;

(2)  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The court will address the applicability of each of these subsections.

### 1. Section 2255(f)(1)

Petitioner's motion is untimely under Section 2255(f)(1). His conviction became final nearly six years before he filed his Section 2255 motion. The Fourth Circuit dismissed his appeal

4

on March 3, 2008. He had ninety days to file a petition for a writ of certiorari from the United States Supreme Court, but he did not do so. When an appellate court affirms on direct appeal, the clock on a Section 2255 petition starts to run when the time expires for filing a petition for a writ of certiorari contesting the affirmation of the conviction. *Clay v. United States*, 537 U.S. 522, 524-25 (2003). Accordingly, the judgment of conviction in Petitioner's case became final on or about June 2, 2008, which is also the date the one-year statute of limitations began to run.

Hence, under Section 2255(f)(1), Petitioner had one year—until approximately June 2, 2009—in which to file his motion. However, he did not file his motion until May 22, 2014, almost five years after the statute of limitations for filing his motion ran. Accordingly, the Court finds that his motion is untimely pursuant to Section 2255(f)(1).

**2. Section 2255(f)(2)**

The court does not find that any triggering date set forth in Section 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from making this motion. Accordingly, the Court finds that his motion is untimely pursuant to Section 2255(f)(2).

**3. Section 2255(f)(3)**

Section 2255(f)(3) permits the filing of a Section 2255 motion within one year of the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner attempts to justify the lateness of his filing by reference to the United States Supreme Court's decisions in *Descamps v. United States* and *Johnson v. United States*.

At the outset, Petitioner's invocation of *Descamps* does not advance his case as *Descamps* has not been found to be retroactively applicable on collateral review. *See Randolph v. United States*, 2013 WL 5960881, at * (D.Md. Nov. 6, 2013) (unpublished); *Baker v. Zych*, 2014 WL

5

1875114, at *2 (W.D.Va. May 9, 2014) (collecting decisions finding that *Descamps* is not retroactive on collateral review).

Additionally, Fourth Circuit authority prohibits Petitioner from mounting a *Descamps*-based collateral attack on his career offender designation as the Court concluded that an erroneous application of the sentencing guidelines, including career offender designation, is not cognizable on collateral review pursuant to Section 2255. *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). As such, Petitioner cannot rely on *Descamps* to render his motion timely under Section 2255(f)(3).

In a second response to the Government's motion to dismiss, Petitioner asserts a new claim that, in light of the recent case of *Johnson v. United States*, the Court erred in sentencing him as a career offender. ECF No. 176. In *Johnson*, the Supreme Court struck down as unconstitutionally vague, the residual clause of the ACCA. Petitioner contends that the state court convictions[3] used to enhance his sentence no longer qualify as predicates, and he should be resentenced. To the extent that Petitioner's response in opposition to the motion to dismiss presents issues and claims not contained in his original petition, these claims are not properly before the court. *See, e.g., Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); *White v. Roche Biomedical Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

Even if the Court considered Petitioner's challenge under *Johnson*, he would not be entitled to relief. "The language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors

---

[3]     Petitioner had prior convictions for trafficking cocaine and firing a weapon into a dwelling.

presenting a fundamental defect which inherently results in a complete miscarriage of justice are cognizable." *United States v. Foote*, 784 F.3d at 932 (internal quotation marks omitted). Here, the Court sentenced Petitioner within the statutory limit of his offense of conviction, and while the career offender designation may have affected the ultimate sentence that was given, it did not affect the lawfulness of the sentence itself. Additionally, even if Petitioner's new claim based on *Johnson* constituted a collaterally cognizable claim, it would fail as a matter of law because "*Johnson* says and decided nothing about career-offender enhancements under the Sentencing Guidelines." *Beckles v. United States*, 616 Fed. App'x. 415-516 (11th Cir. 2015). As Petitioner has not pointed out any error presenting a defect that would result in a "complete miscarriage of justice, *Johnson* does not aid to render this Petition timely under Section 2255(f)(3).

**4. Section 2255(f)(4)**

The Court does not find that any triggering date set forth in Section 2255(f)(4) applies to this case. Petitioner does not allege, much less establish that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence.

Accordingly, the Court finds the instant petition for relief is untimely pursuant to Section 2255(f)(4).

**B. Equitable Tolling**

Petitioner argues that the doctrine of equitable tolling should be applied to this case to excuse his untimeliness. In support of his position, Petitioner cites *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). This decision has since been vacated, and the Fourth Circuit has now issued its en banc opinion, concluding that a change in the law regarding career offender enhancements does not justify tolling the statute of limitations. *See Whiteside v. United States,* 775 F.3d 180 (4th Cir. 2014). Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case.

**V.  Conclusion**

For the reasons stated, the Government's motion to dismiss, ECF No. 163, is GRANTED, and Petitioner's motion for relief pursuant to Section 2255, ECF No. 159, is DENIED.  This action is hereby DISMISSED.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 8, 2016
Columbia, South Carolina