IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America | Crim. No. 4:05-cr-01299-TLW-1 |
|---|---|
| v. | **Order** |
| Trinity Jacquey Clyburn | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018. For the reasons set forth in detail in the Court's prior order and the Fourth Circuit's recent decision in *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019), the Court concludes that he is eligible for a reduced sentence under the First Step Act. ECF No. 221. The Court has carefully considered the additional filings he submitted in response to the Court's order. *See* ECF No. 223.

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations,

the Court concludes that a reduction of his imprisonment term is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for over two kilograms of cocaine; (2) application of the First Step Act does not change his Guidelines imprisonment range because he remains a career offender; (3) he has prior convictions for crack trafficking and discharging a firearm into an occupied dwelling; and (4) his current sentence is already near the bottom of the Guidelines range. For these reasons, the Court declines to reduce his sentence of imprisonment.

However, the First Step Act's change of Defendant's statutory term of supervised release to at least 8 years results in a corresponding change to his Guidelines range of supervised release, and the Court concludes that it would be appropriate to reduce his term of supervised release to 8 years.

For these reasons, Defendant's motion, ECF No. 216, is **GRANTED IN PART AND DENIED IN PART**. An amended judgment will follow.

**IT IS SO ORDERED.**[1]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 11, 2019
Columbia, South Carolina

---

[1] Defendant has also filed a motion for a sentence reduction pursuant to Amendment 782 to the Guidelines. ECF No. 213. That motion is **DENIED** because his career offender designation in Chapter 4 of the Guidelines overrides any changes in Chapter 2 of the Guidelines.