IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America | Crim. No. 4:05-cr-01299-TLW-1 |
|---|---|
| v. | **Order** |
| Trinity Jacquey Clyburn | |

This matter is before the Court on Defendant's motion for reconsideration of the Court's December 11, 2019 order granting in part and denying in part his motion for a sentence reduction under the First Step Act of 2018. In that order, the Court declined to reduce his sentence of imprisonment, but reduced his term of supervised release from 10 years to 8 years. ECF No. 224 at 2. The issue now being raised was not raised in his initial First Step Act motion. One of the significant reasons why the Court declined to reduce his sentence of imprisonment was his status as a career offender when originally sentenced. *Id.*

The basis of Defendant's motion to reconsider is that he "was wrongly classified as a career offender at his original sentencing hearing" in light of *United States v. Brandon*, 247 F.3d 186 (4th Cir. 2001), which was decided prior to his original sentencing. ECF No. 228 at 1. The Government agrees that his career offender classification was "patently erroneous" at the time of his original sentencing. ECF No. 238 at 1. The record now reflects that he was not a career offender at the time of his original sentencing, which was not brought to the attention of the Court by counsel at that time.

Prior to ruling on his motion to reconsider, the Court gave the parties an

1

opportunity to address two specific inquires, and they have submitted a joint response. ECF Nos. 247, 249.

The first issue the Court raised was whether other cases supported the argument that the First Step Act could be used to correct an error made at the original sentencing. In their response, the parties cite several cases where district judges varied below the Guidelines where the defendant would no longer be a career offender if he were being sentenced under current law. But one case in particular—*United States v. Black*, 388 F. Supp. 3d 682 (E.D. Va. 2019)—is directly on point because it also involves a defendant who should not have been a career offender in the first place.

In *Black*, the defendant was erroneously classified as a career offender based on three convictions that should have counted as a single career offender predicate offense because they were not separated by an intervening arrest. *See Black*, 388 F. Supp. 3d at 685 n.3. The district court first determined that the defendant was sentenced for a "covered offense" and was therefore eligible for a sentence reduction under the First Step Act. *Id.* at 687. The court then noted that the erroneous career offender designation "effectively doubled [his] applicable Guidelines range, increasing it from 188 months to 235 months to 360 months to life." *Id.* at 688. The court ultimately resentenced him to 210 months, which was in the middle of the Guidelines range that applied without the career offender enhancement. *Id.* at 691.

The second issue the Court raised was how the Fourth Circuit's decision in *United States v. Hinson*, 363 F. App'x 998 (4th Cir. 2010) impacted this case. The

*Hinson* case was decided after Defendant's original sentencing, but it is relevant to the discussion here. In their response, the parties state that the instant case "is squarely on point with both *Brandon* and *Hinson* in which the Fourth Circuit held that neither [trafficking] offense qualified as a career offender predicate" that can be used to enhance his sentence, which occurred when he was originally sentenced. ECF No. 249 at 4. The law is clear in that regard. The parties also note that applying the modified categorical approach in this case shows that Defendant's "trafficking offense was based strictly on possession of a certain amount of drugs." *Id.* at 4–5.

Defendant is eligible for a reduced sentence pursuant to the First Step Act. *See United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019). Again, the parties agree, as does the Court, that in light of *Brandon*, he should not have been a career offender when originally sentenced.[1] This error had a significant impact—it more than doubled his Guidelines range at the original sentencing from 121–151 months (29/IV) to 262–327 months (34/VI). His current Guidelines range, after considering subsequent amendments to the drug tables, as agreed to by counsel for the parties, is 84–105 months (25/IV), followed by 8 years of supervised release.[2]

In considering this case, the Court notes Judge Lauck's discussion of the issue

---

[1] His trafficking conviction involved "possession [of] approx. 13.5 grams of crack cocaine." ECF No. 249-1 at 4.

[2] He was held accountable at sentencing for 114.3 grams of crack and 2,446 grams of cocaine, which now converts to 897 kilograms of converted drug weight (CDW). Thus, his total offense level would be 25 based on the following calculation: BOL 28 (700–1,000 kg CDW) − 3 (acceptance) = 25. His non-career offender criminal history category is IV.

in a similar case before her:

> The Court simply cannot ignore an error of this magnitude . . . . Allowing the procedural posture of the case to overrun an individual's liberty undermines the integrity of the Court system and the value society places on judges to get things right. The Court sees no reason to overlook this error . . . .

*Black*, 388 F. Supp. 3d at 689 (footnotes omitted). Defendant's erroneous career offender designation was simply not objected to, as the law allows and provides for, by counsel at the original sentencing. As noted, the *Brandon* decision was decided prior to the original decision, *Hinson* afterwards. During this time frame, the law regarding the categorical approach and which convictions counted to enhance sentences was debated in numerous courts. The relative clarity today regarding the categorical approach was not present during that time. After careful consideration of the briefing by counsel, the Court will correct the sentence.

The Sentence Reduction Report prepared by Probation indicates that Defendant has received credit for time served since January 3, 2006, so without even factoring in good-time credits, he has served approximately 169 months of actual time—well over the high end of the current Guidelines range (some 60 months). ECF No. 214. BOP records indicate that his current projected release date is December 18, 2024.

For the reasons set forth above and after careful consideration of the joint response by counsel, Defendant's motion to reconsider, ECF No. 228, is **GRANTED**. Accordingly, the Court's prior order, ECF No. 224, and amended judgment, ECF No. 225, are **VACATED**. Because he has already served a term of imprisonment above the current Guidelines range, his sentence is reduced to time served, followed by an

8-year term of supervised release.³  An amended judgment will follow.

    **IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

February 14, 2020
Columbia, South Carolina

---

³ Pursuant to *United States v. Ketter*, 908 F.3d 61 (4th Cir. 2018), to the extent that a sentence of time served constitutes an upward variance, having carefully considered the record in this case and the § 3553(a) factors, the Court concludes that such a variance is warranted. *See, e.g.*, *United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3–4 (W.D. Va. Feb. 22, 2019) ("In particular, the need to protect the public and the need for deterrence dictates that a defendant not be allowed to 'bank time,' which could allow him to commit further crimes without the fear of imprisonment. . . . The court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant had served more than the applicable guideline range.").